# MERRIMACK,

## JULY TERM, A. D. 1847.

---

### LESLIE v. HARLOW & a.

A brief statement appended to the general issue is but a notice requiring no answer, and is not, therefore, the subject of a demurrer.

A plea which professes to answer the whole action, but answers it in part only, is bad upon demurrer.

A special plea containing new matter, but with no appropriate conclusion, is bad upon special demurrer.

Upon a demurrer to a bad plea, the court will give judgment against the plaintiff, if the declaration is bad.

A declaration which shows upon its face that the action is against husband and wife, and founded upon their joint promise during the coverture, is bad upon demurrer.

ASSUMPSIT on a promissory note. The action was brought against "Isaac C. Harlow, of, &c., and Experience Harlow, wife of said Isaac Harlow," and alleged that the defendants, by their note, promised the plaintiff, &c.

The defendants pleaded, 1. The general issue, and filed a brief statement, setting forth the coverture of the wife at the time of making the contract, and a subsequent discharge of the husband under the bankrupt law.

2. A special plea, praying judgment if the plaintiff his action ought to have and maintain, because, at the time of making the contract in the declaration named, and ever since, said Experience was the wife of said Isaac Harlow, and the cause of action was a debt owing by him ; and then averring that he filed his petition in bankruptcy and was discharged. But the plea contained no offer of verification, nor other conclusion.

Leslie *v.* Harlow.

The plaintiff joined the general issue, and filed a special demurrer to the brief statement, setting forth six causes of demurrer, and another demurrer to the special plea, with sixteen causes of demurrer.

*Fowler & Flanders*, for the plaintiff.

*Eaton*, for the defendants.

PARKER, C. J. These pleadings are erroneous in a very unusual degree.

A brief statement is but a notice, requiring no answer, and is therefore not the subject of a demurrer.

The plea of the discharge in bankruptcy is bad. The action, on its face, appears to be against husband and wife; and while the plea professes to answer the whole action, it does so only by saying that the debt was the debt of the husband alone, and that he has been discharged in bankruptcy. This is not an answer of the wife, if she is required to make answer. It is not *non assumpsit* by the wife, nor any other answer, except argumentatively.

But if the action were against the husband alone, the plea is in violation of well known elementary rules. It is not necessary to consider the multitude of causes of demurrer founded upon that part of it relating to the discharge in bankruptcy. It is sufficient that it does not offer to verify the new matter alleged, nor does it tender an issue, if that may be done under our statute (as in England), in a plea of bankruptcy. 1 Peere Wms. 258, *Miles* v. *Williams*. But some of the errors on the part of the defendants have arisen from the previous error of the plaintiff in bringing his action in this form, on the joint promise of husband and wife.

" If the action be brought by or against husband and wife, when it ought to be by or against the husband alone, it will be error, or it may be moved in arrest of judgment."

Com. Dig., Baron & Feme, Y. It seems, of course, that the defendants might have demurred, the matter being apparent upon the face of the declaration.

"An action on the assumpsit of husband and wife, against both, is bad, for *quoad* the wife the promise is void. Chit. Pl. 66, 7th Am. ed.

"The defendants, man and wife, are jointly charged upon an assumption made by them to the plaintiffs, in consideration of money had and received by them for the use of the plaintiff. Here is an attempt to charge a married woman on a contract made by her jointly with her husband during the coverture. This is not warranted by any precedent or principle that I have heard of. A married woman can make no contract." Per *Tilghman*, C. J., 1 Binn. 586, *Graper* v. *Eckart;* and the judgment was arrested.

The authorities on this point are abundant and conclusive.

This case well exemplifies the rule that the court will look to the first fault. As the case stands there must be judgment for the defendants, on the plaintiff's demurrer to the plea, (notwithstanding the demurrer was well taken,) because the declaration is bad.